```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEITH PALMER,                    )
RICHELLE PALMER, his wife,       )
                                 )
            Plaintiffs,          )
                                 )
        v.                       )    Civil Action No. 05-513
                                 )
HEDSTROM CORPORATION, t/d/b/a    )    Judge Lancaster
NBF TRAMPOLINES,                 )    Magistrate Judge Hay
WAL-MART STORES EAST, LP,        )
                                 )
            Defendants.          )
```

## REPORT AND RECOMMENDATION

I.  RECOMMENDATION

        It is respectfully recommended that the motion to
dismiss submitted on behalf of defendant Wal-Mart Stores, East,
LP (Docket No. 17) be denied.

II.  REPORT

        Plaintiffs, Keith Palmer and his wife Richelle Palmer,
commenced this products liability action against defendants
Hedstrom Corporation t/d/b/a NBF Trampolines ("Hedstrom") and
Wal-Mart Stores East, LP ("Wal-Mart") after Mr. Palmer severely
injured himself while performing a somersault on a trampoline
that was allegedly designed and manufactured by Hedstrom and sold
by Wal-Mart.

        According to the complaint, the trampoline was
accompanied by inadequate, misplaced and ineffective warnings,

including warnings regarding performing somersaults, and that on June 1, 2003, while Mr. Palmer was bouncing on the trampoline and performing a somersault, he "suddenly and without warning ... struck his head on the trampoline, causing his neck to fracture."[1]  Plaintiffs allege that as a result of the incident, Mr. Palmer is now a quadriplegic and has sustained a myriad of damages including pain, embarrassment, mental anguish, loss of the ordinary pleasures of life, disfigurement, lost wages, and the cost of medical attention.[2]

Plaintiffs initiated the case on or about March 21, 2005, by filing a complaint in the Court of Common Pleas of Butler County, Pennsylvania.[3]  On April 19, 2005, Wal-Mart removed the case to this Court based on diversity pursuant to 28 U.S.C. § 1332,[4] which was consented to by Hedstrom on April 29, 2005.[5]  An amended complaint was filed on June 15, 2005, in which plaintiffs have brought claims against both defendants for strict

---

[1]    First Amended Complaint ¶¶ 12-14 (Docket No. 16).

[2]    Id. at ¶¶ 16, 17.

[3]    See Notice of Removal ¶ 1 (Docket No. 1).

[4]    According to the Notice of Removal, plaintiffs are citizens of the Commonwealth of Pennsylvania, defendant Hedstrom Corporation t/d/b/a NBF Trampolines is a foreign corporation with its principal place of business in the State of Ohio, and defendant Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas.  As well, it has been alleged that the amount in controversy exceeds $75,000.00.  Notice of Removal ¶¶ 4-7.

[5]    See Docket No. 10.

liability (Count I), negligence (Count II) and loss of consortium (Count III).  Wal-Mart has now filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that plaintiffs have failed to state a claim.

In reviewing a motion to dismiss under Rule 12(b)(6), all well pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-movant. Brader v. Allegheny General Hospital, 64 F.3d 869, 873 (3d Cir. 1995); Scrob v. Patterson, 948 F.2d 1402, 1405 (3d Cir. 1991). The Court is not, however, required to accept as true unsupported conclusions and unwarranted inferences. Schuylkill Energy Resources v. PP&L, 113 F.3d 405, 417 (3d Cir. 1997).  Thus, "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the motion to dismiss is properly granted.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The issue is not whether the plaintiff will prevail in the end but only whether he should be entitled to offer evidence in support of his claim.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Further, it appears undisputed that Pennsylvania law governs the instant case and that Pennsylvania has adopted the Restatement (Second) of Torts.  Webb v. Zern, 422 Pa. 424, 220 A.2d 853 (1966).  Under Section 402A of the Restatement,

liability will be imposed upon the manufacturer or seller of a product in "a defective condition unreasonably dangerous to the consumer or user." Craley v. Jet Equipment & Tools, Inc., 778 A.2d 701, 705 (Pa. Super. 2001).  Thus, in order to recover in a strict liability case, a plaintiff must prove that: (1) the product was defective; (2) the defect existed at the time the product left the hands of the manufacturer or seller; and (3) the defect caused the injury.  Demmler v. SmithKline Beecham Corp., 448 Pa. Super. 425, 430-31, 671 A.2d 1151, 1153-54 (1996), appeal denied, 546 Pa. 655, 684 A.2d 557 (1996).  There are three types of defective conditions which may give rise to strict liability: design defect, manufacturing defect, and inadequate warning[6] defect.  Walton v. Avco Corp., 530 Pa. 568, 576, 610 A.2d 454, 458 (1992); Weiner v. American Honda Motor Co., 718 A.2d 305, 307 (Pa. Super. 1998).  Under an inadequate warning theory, which is at issue here, "[a] product may be deemed defective if it lacks adequate warnings or instructions necessary for safe use of the product." Demmler, 448 Pa. Super. at 431, 671 A.2d at 1154.

    As well, in order to succeed on a claim for negligence in a products liability case plaintiff must establish that

---

[6]     The Pennsylvania Superior Court has expressed a preference for the term "inadequate warning" over "failure to warn" because "the latter language suggests a breach of duty in a way which tends to connote negligence" which is not an element of a products liability claim.  Carrecter v. Colson Equipment Co., 499 A.2d 326, 330 n.8 (Pa. Super. 1985).

defendant owed a duty to conform to a certain standard of conduct, that the duty was breached with respect to the manufacture and sale of the product and that there was a causal connection between defendant's conduct and the injury suffered. Harsh v. Petroll, 840 A.2d 404, 415 (Pa. Commw. 2003), affirmed, 887 A.2d 209 (Pa. 2005).

Here, plaintiffs have alleged in the complaint that the trampoline upon which Mr. Palmer was jumping when he was injured was defectively designed and manufactured because it failed to adequately warn of the dangers associated with performing somersaults and, specifically, that performing somersaults may cause neck injury and/or paralysis.[7]  Plaintiffs have also alleged that the trampoline at issue was designed, manufactured and sold by defendants, was accompanied by inadequate warnings so as to make it safe, that it was not properly inspected prior to being placed into the stream of commerce and that as a direct and proximate result of the defective nature of the trampoline Mr. Palmer suffered injuries.[8]  In addition, its has been alleged that defendants were negligent by failing to design, manufacture and sell the trampoline in a reasonably safe manner so that it would adequately warn intended users of the dangers associated with performing somersaults on the trampoline, by failing to

---

[7]     First Amended Complaint ¶ 19.

[8]     Id. at ¶¶ 10-12, 19, 20.

5

adequately inspect the trampoline prior to placing it in the stream of commerce and by failing to place adequate warnings on the trampoline packaging regarding the risks associated with its use which was a direct and proximate cause of Mr. Palmer's injuries.[9]  These allegations, if proven, would appear to entitle plaintiffs to relief under theories of strict liability and negligence and, thus, appear to preclude a finding that plaintiffs have failed to state a claim.

Wal-Mart nevertheless argues that the risks involved in performing a somersault on a trampoline are open and obvious thereby precluding a finding that it had duty to warn and, thus, it cannot be held liable under any circumstance for failing to do so.

Although it appears undisputed that where dangers are generally known or obvious a manufacturer has no duty to warn, Sherk v. Daisy-Heddon, 498 Pa. 594, 600, 450 A.2d 615, 618 (1982); Mucowski v. Clark, 404 Pa. Super. 197, 203, 590 A.2d 348, 351 (1991), none of the cases cited by Wal-Mart stands for the proposition that the dangers attendant to doing flips on a trampoline are open and obvious as a matter of law.  Indeed, none of the cases relied upon by defendant involves a trampoline at all.  See Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19 (1984)(Plaintiff injured while riding a motorcycle with the

---

[9]      First Amended Complaint ¶¶ 22-23.

kickstand down); <u>Brown v. Caterpillar Tractor Co.</u>, 741 F.2d 656 (3d Cir. 1984)(Plaintiff injured while riding on the fork of a forklift); <u>Fletcher v. Raymond Corp.</u>, 424 Pa. Super. 605, 623 A.2d 845 (1993)(Plaintiff injured while riding on the fork of a forklift); <u>Mucowski v. Clark</u>, 404 Pa. Super. 197, 590 A.2d 348 (1991)(Plaintiff injured while diving off a railing into a shallow pool).  Nor do they suggest that the inquiry is appropriately resolved pursuant to a motion to dismiss.  Indeed, the Court has found no cases in which it was found that the plaintiff failed to state a claim under Rule 12(b)(6) because the dangers associated with the product at issue were obvious.

While the Court is cognizant of the fact that under Pennsylvania law the question of whether a product is defective is a threshold question to be decided by the Court, it is not at all clear that that determination is properly based on the allegations in the complaint alone or that Wal-Mart has adequately addressed the issue.

In <u>Azzarello v. Black Brothers Co.</u>, 480 Pa. 547, 391 A.2d 1020 (1978) ("<u>Azzarello</u>"), the Pennsylvania Supreme Court established a two step test for Courts to determine whether a product is defective.  The first step requires the trial court to make an initial determination of whether recovery under a theory of strict liability is appropriate or whether the alleged defect, if proven, would render the product unreasonably dangerous as

that term is used in the Restatement (Second) of Torts § 402A.
Nowak v. Faberge USA Inc., 32 F.3d 755, 757 (3d Cir. 1994),
citing Azzarello, 391 A.2d at 1025-26.  "[O]nly after this
judicial determination is the case submitted to the jury to
determine whether the facts of the case support the averments in
the complaint."  Id.

　　　　To the extent that Wal-Mart is asking the Court to make
this initial determination it is clear that a number of factors
are to be considered by the Court including: (1) the usefulness
and desirability of the product-its utility to the user and to
the public as a whole; (2) the safety aspects of the product-the
likelihood that it will cause injury, and the probable
seriousness of the injury; (3) the availability of a substitute
product which would meet the same need and not be as unsafe; (4)
the manufacturer's ability to eliminate the unsafe character of
the product without impairing its usefulness or making it too
expensive to maintain its utility; (5) the user's ability to
avoid danger by the exercise of care in the use of the product;
(6) the user's anticipated awareness of the dangers inherent in
the product and their avoidability, because of general public
knowledge of the obvious condition of the product, or of the
existence of suitable warnings or instruction; and (7) the
feasibility, on the part of the manufacturer, of spreading the
loss by setting the price of the product or carrying liability

insurance.  Surace v. Caterpillar, Inc., 111 F.3d 1039, 1046 (3d
Cir. 1997).

          Not only has Wal-Mart addressed only one of these
factors but, as previously discussed, we are not convinced that
the Court's initial determination is properly made based on the
allegations in the complaint alone.  Indeed, in Metzgar v.
Playskool Inc., 30 F.3d 459 (3d Cir. 1994), the Court of Appeals
for the Third Circuit declined to find that the toy building
block manufactured by the defendant and upon which plaintiffs'
fifteen month old son had choked to death, was an obvious safety
hazard as a matter of law.  Id. at 465.  In so finding, the Court
opined that in strict liability, "[f]or a risk to be deemed
obvious for purposes of a failure to warn claim ... there must be
general consensus within the relevant community."  Id.  Relying
on statements made by the defendant as well as the child's
parents and aunt that they believed the blocks were safe and did
not pose an obvious threat, the Court found that there was no
consensus in the relevant community that the dangers were
obvious.  Moreover, the Court noted that the defendant had not
proffered any evidence tending to show that the danger of
asphyxiation was obvious.  Id.[10]

---

[10]     The Court also found that although the standard for
         obviousness is the same in strict liability and in
         negligence, the question of obviousness under a negligence
         theory is more appropriately submitted to a jury than
         decided on summary judgment.  Id. at 466.

Similarly, in Bowersfield v. Suzuki Motor Corp., 111 F. Supp. 2d 612 (E.D. Pa. 2000), in which the plaintiff had been injured while riding in the rear cargo area of a sport utility vehicle, the Court found that in deciding whether a danger is open and obvious, "[t]he Court must inquire whether knowledge of the danger would be possessed by 'the ordinary consumer who purchases [or uses the product], with the ordinary knowledge common to the community as to its characteristics.'" Id. at 622-23, quoting Sherk v. Daisy Heddon, 427 A.2d at 661. The Court went on to opine that "the key 'inquiry is whether the product is defective for ordinary use and foreseeable misuse.'" Id. at 623, quoting Fleck v. KDI Sylvan Pools, Inc., 981 F.2d 107, 119 (3d Cir. 1992), cert. denied, 507 U.S. 1005 (1993). In resolving the question, the Court assessed the evidence of record and, in particular, that submitted by the plaintiff including a memorandum in which an executive of the defendant company stated that a "physical between the front seats and the rear cargo area was needed 'in order to make it conceivable to anyone that [the Samurai] is a two-seater.'" Id. The plaintiff also presented evidence that the Samurai was widely marketed to the American public as a four passenger SUV and that defendant conducted industry studies concerning the incidence of passenger ejections from the rear cargo area of the Samurai. The Court concluded that, "[i]n light of all the foregoing evidence that defendants

10

knew that ordinary consumers, such as plaintiff, might choose to travel unrestrained in the rear cargo area of the Samurai, defendants can not discharge their duty to warn by asserting that the dangers associated with their product were open and obvious." Id.

In the instant case, defendant has not presented any evidence that the danger of becoming quadriplegic while doing somersaults on a trampoline is obvious or that there is a consensus in the relevant community on the matter.  Moreover, plaintiffs have not had the opportunity to discover evidence which may speak to the issue.

Nor do the cases relied upon by Wal-Mart compel a different result.  In Fletcher v. Raymond Corp., 424 Pa. Super. 605, 623 A.2d 845 (1993), for instance, the issue was decided pursuant to a motion for summary judgment following "extensive discovery."  Id. at 607, 623 A.2d at 846.  Although the Court noted that it is the Court's responsibility to make an initial determination regarding the adequacy of the warning so as to assess whether the case may proceed on a theory of strict liability, it then declined to decide whether the manufacturer in that case was required to warn users of the dangers inherent in falling from or jumping from a moving forklift truck because, as was evident from the facts of record regarding the warnings that

11

were provided, it was "eminently clear that that responsibility was met." Id. at 611, 623 A.2d at 848.

The Court then went on to discuss causation and found that it was not merely riding on the fork of the forklift that caused the plaintiff's injury but his failure to hold onto the vehicle which, the Court opined, was a "risk so well known" that no additional warnings were necessary. Id. Thus, to the extent obviousness was addressed by the Court at all it did so under the causation prong of the strict liability analysis relying on facts learned during discovery.

Similarly, in Mucowski v. Clark, 404 Pa. Super. 197, 590 A.2d 348 (1991), upon which Wal-Mart also relies, the Court found that the facts did not support a finding that the plaintiff's injuries were caused by a failure to warn but, like in Fletcher, were caused by the plaintiff's own conduct. Specifically, the Court found that plaintiff's act of climbing upon a railing which stood 3½ feet above the edge of the pool and diving in when plaintiff knew full well the pool was only four feet deep and when he was having trouble maintaining his balance on the railing was not only foolhardy but was the legal cause of his injuries. Id. at 204, 590 A.2d at 351. Thus, while the Court found the risk was obvious, it did so after considering facts of record submitted on summary judgment as they pertained to the causation prong of plaintiff's case. It did not dismiss

12

plaintiff's complaint on a 12(b)(6) motion or find as a matter of law that the risks of diving into a shallow pool are so open and obvious that plaintiff is unable to prove any set of facts which would entitle him to relief.[11]

Accordingly, while it may be that plaintiffs will ultimately be unable to succeed on their claims because the facts of the case only support a finding that the dangers associated with doing somersaults on a trampoline are open and obvious, in the Court's view, this issue cannot be resolved at this juncture.

For these reasons, it is recommended that the motion to dismiss submitted on behalf of defendant Wal-Mart Stores, East, LP (Docket No. 17) be denied.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond

---

[11]   It is also apparent in the other two cases cited by Wal-Mart that the question of obviousness was not decided favorably to the defendants as a matter of law as in both instances, the issue was submitted to the jury.  Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19, 22 (1984); Brown v. Caterpillar Tractor Co., 741 F.2d 656, 661 (3d Cir. 1984).

thereto.  Failure to file timely objections may constitute a

waiver of any appellate rights.

                              Respectfully submitted,

                              /s/ Amy Reynolds Hay
                              AMY REYNOLDS HAY
                              United States Magistrate Judge


Dated:   30 January, 2006.

cc:  William F. Goodrich, Esquire
     Joshua P. Geist, Esquire
     Goodrich & Goodrich
     429 Fourth Avenue
     Suite 1400, Law & Finance Building
     Pittsburgh, PA 15219

     Joseph J. Bosick, Esquire
     James F. Marrion, Esquire
     Pietragallo, Bosick & Gordon
     One Oxford Centre
     38th Floor
     Pittsburgh, PA 15219

     Patrick J. Loughney, Esquire
     J. Kale Becker, Esquire
     Dell, Moser, Lane & Loughney
     525 William Penn Place
     Suite 3700
     Pittsburgh, PA 15219-1707

     George Vernon, Esquire
     Law Offices of George Vernon
     PO Box 300
     AmCore Bank Building 2nd Floor
     1625 10th Street
     Monroe, WI 53566

     Mark R. Hamilton, Esquire
     Rawle & Henderson
     535 Smithfield Street
     Suite 1000
     Pittsburgh, PA 15222
     John J. Snyder, Esquire
     Rawle & Henderson

                              14

```
One South Penn Square
16th Floor
Philadelphia, PA 19107
```